UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA REILLY,

    Plaintiff,

v.

SEETHA VADLAMUDI, MD, et al.,

    Defendants.
    _____/

Case No. 2:09-cv-13832

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (Docket no. 6)**

This is an action by plaintiff, Joshua Reilly, alleging a state claim of medical malpractice and a federal claim of violation of constitutional rights. The action was filed in Wayne County Circuit Court on August 18, 2009 and removed to this Court on September 29, 2009. Before the Court is the motion of defendant Correctional Medical Services, Inc. ("CMS") to dismiss and/or for summary judgment as to Count V of the complaint, which alleges that CMS is responsible for the injuries to Mr. Reilly through the acts of its alleged agents Seetha Vadlamudi, the Optometrist [signature illegible], Phillip E. Payne R.N and/or Terry D. Smith, R.N. CMS argues that dismissal of Reilly's medical malpractice claims against CMS is appropriate under Mich. Comp. Laws § 600.2912c and that dismissal of Reilly's federal constitutional claims is appropriate because the claims fail to state a claim upon which relief may be granted.

On October 6, 2002, CMS filed an Affidavit of Non-Involvement pursuant to Mich. Comp. Laws § 600.2912c. In its Affidavit of Non-Involvement, CMS certifies that CMS was not involved in the events set forth in plaintiff's complaint. CMS further asserts upon information and belief that the unidentified optometrist referred to in the complaint was an

employee, independent contractor or agent of Nichol's Optical, not CMS and the remaining two nursing co-defendant and Dr. Vadlamudi were employees of the Michigan Department of Correction. CMS asserts in sum that it was not involved in the events, acts or occurrences alleged in plaintiff's complaint.

No party has filed an opposition to CMS's motion or any counter-affidavit. No party has responded to CMS's motion to dismiss and/or for summary judgment, and the time for responding has lapsed. E.D. Mich. L.R. 7.1. The Court finds the motion would not benefit from briefing and orders the motion submitted for determination on the briefs pursuant to E.D. Mich. L.R. 7.1(e).

CMS's motion will be granted. The Michigan statute at issue, Mich. Comp. Laws § 600.2912c, provides that, in actions alleging medical malpractice, a party named as a defendant, instead of answering or otherwise pleading, may file with the court an affidavit certifying that he was not involved, either directly or indirectly, in the occurrence alleged in the action. If a party does so, and the other party does not file an opposition, the court shall order the dismissal of the claim without prejudice against the affiant. Mich. Comp. Laws § 600.2912c. CMS has filed a sufficient affidavit of non-involvement and no party has filed and opposition, so CMS is entitled to dismissal of Reilly's medical malpractice claim.

CMS is also entitled to dismissal of Reilly's Section 1983 claim. Reilly's claims against CMA are based strictly on a theory of respondeat superior. A corporate defendant cannot be held liable under Section 1983 under theories of respondeat superior or vicarious liability. *Street v. Corrections Corp.*, 102 F.3d 810, 818 (6th Cir. 1996). Further, the plaintiff has not contested the facts contained in CMS's affidavit of non-involvement, which establish that the individual defendants were not agents, servants or employees of CMS

at the time of the events at issue. The Court therefore will also dismiss Reilly's Section 1983 claims against CMS.

**WHEREFORE, IT IS HEREBY ORDERED** that defendant Correctional Medical Services, Inc's Motion to Dismiss and/or for Summary Judgment (docket no. 6) is **GRANTED.** Correctional Medical Services, Inc. is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 9, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 9, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager